UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| United States of America<br><br>v.<br><br>Dennis J. Hernandez | Criminal No. 3:23-MJ-00655 (TOF)<br><br>February 21, 2024 |

**ORDER GRANTING JOINT MOTIONS FOR ORDER FINDING DEFENDANT COMPETENT TO STAND TRIAL (ECF No. 26) AND TO CONTINUE SPEEDY INDICTMENT AND PRELIMINARY HEARING DEADLINES (ECF No. 27)**

On October 11, 2023, this Court found reasonable cause to believe that the defendant Dennis J. Hernandez "may presently be suffering from a mental disease or defect that renders him mentally incompetent" and granted the parties' Joint Motion for a Psychiatric Exam or Psychological Examination and Competency Hearing pursuant to 18 U.S.C. §§ 4241 and 4247(b). (ECF No. 24, at 1.) The defendant was "committed to the custody of the Attorney General . . . for placement in a suitable facility to conduct a psychological or psychiatric examination . . . for the purposes of a competency determination and to prepare a report documenting the results of the examination." (*Id.*) Following that examination and report, the parties submitted joint motions for an order finding the defendant is now competent to stand trial and to continue the preliminary hearing and associated deadlines in this matter. (ECF Nos. 26 and 27.) Having reviewed the Bureau of Prisons report and the parties' motions, the Court finds that there is no longer reasonable cause to believe the defendant is not competent to proceed to trial and that there is good cause to continue the preliminary hearing, and **GRANTS** both motions.

**I.    BACKGROUND**

On July 27, 2023, the defendant was charged in a sealed complaint with violations of 18 U.S.C. §§ 875(c) and 2261A(2). (ECF No. 1, at 1.) He appeared before this Court on July 28,

2023, for his presentment and consented to an order of detention entered without prejudice. (ECF No. 9, at 2.) The Court scheduled a preliminary hearing for August 11, 2023, pursuant to Rule 5.1(c) of the Federal Rules of Criminal Procedure. (*Id.*) On August 4, 2023, the Court granted the defense's consent motion to continue the preliminary hearing to October 13, 2023. (ECF Nos. 17 and 18.)

Before that hearing date, however, the parties submitted a Joint Motion for Psychiatric Exam or Psychological Examination and Competency Hearing. (ECF No. 20.) In that motion, Assistant Federal Defender Josh Ewing, counsel for the defendant, noted that the "Complaint details concerning and erratic behavior of Defendant inconsistent with Defendant's normal prior behavior and notes that Defendant has suffered (and appears to be continuing to suffer) from significant mental illness." (*Id.* at 1.) Attorney Ewing indicated that he had "conducted additional investigation related to Defendant and Defendant's history" and that his "investigation suggests that, during the course of the relevant conduct at issue in this case, Defendant appeared to be suffering from serious mental illness." (*Id.* at 2.) He also "retained a psychiatrist from Yale University who specializes in the assessment of severe mental illness within the context of the criminal justice system" and who, based on "available medical and psychological records" and an interview with the defendant, "promptly raised issues with defense counsel with respect to Defendant's understanding of the nature and consequences of his actions and the proceedings against him." (*Id.*) Attorney Ewing had similar concerns from his own interactions with Mr. Hernandez. The Government and defense counsel suggested that there existed at that time "'reasonable cause to believe' that Mr. Hernandez may be suffering from a mental disease or defect that renders him unable to understand the nature and potential consequences of the proceedings against him and effectively assist in his own defense." (*Id.* at 4.) They requested that, pursuant to

18 U.S.C. § 4247(b), Mr. Hernandez be committed "to the custody of the Attorney General to be examined by licensed or certified psychiatrist or psychologist for a reasonable period, not to exceed thirty days." (*Id.* at 4.)

18 U.S.C. § 4241(a) provides that "[a]t any time after the commencement of a prosecution . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant." The Court must grant such a motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* Based on the joint representations of counsel for the Government and the defense, the Court found that there was reasonable cause to believe the defendant may not be competent to proceed to trial and granted the motion. It then committed Mr. Hernandez to the custody of the Attorney General for a competency examination pursuant to 18 U.S.C. 4247(b). Furthermore, because 18 U.S.C. § 3161(h) provides that any "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" "shall be excluded in computing the time within which an information or an indictment must be filed, or . . . within which the trial of any such offense must commence," the Court's order effectively suspended the preliminary hearing until the conclusion of the competency proceedings.

Following Mr. Hernandez's examination period, on January 4, 2024, the Federal Bureau of Prisons submitted its report to the court and the parties. In that report, Cassondra Morris, Psy.D. and Forensic Psychologist Justin Rigsbee, Ph.D., Psy.D., concluded that Mr. Hernandez was competent to proceed to trial. While they pointed out that Mr. Hernandez does suffer from various mental illnesses and conditions, they noted that "[h]is most recent episode of mania is now in full

3

remission" due to "medical compliance, abstinence from substance abuse, or a combination of both." (ECF No. 26, at 2.)  In short, after a month of observation and psychological testing, they determined that Mr. Hernandez understands the nature and possible consequences of the proceedings against him and is currently competent to assist in his own defense and to stand trial.

## II.   DISCUSSION

In competency proceedings, the court must determine whether the defendant is "presently suffering from a mental disease or defect rendering him mentally incompetent."  18 U.S.C. § 4241(d); *United States v. Brennan*, 928 F.3d 210, 214 (2d Cir. 2019).  Courts apply a two-prong test in making this determination, asking first "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and second "whether he has a rational as well as factual understanding of the proceedings against him." *Id.* at 215–16 (quoting *Dusky v. United States*, 362 U.S. 402 (1960)).  Known as the *Dusky* standard, this is the same competency standard required of defendants during a guilty plea.  *See Godinez v. Moran,* 509 U.S. 389, 399 (1993).

In assessing the defendant's competency, courts may consider several sources of information.  First, they may "rely on . . . medical opinion" from treating or consulting psychiatrists.  *United States v. Nichols*, 56 F.3d 403, 411 (2d Cir. 1995); *see also United States v. Foley*, No. 18-cr-333, 2020 WL 5088015, at *3 (D. Conn. May 5, 2021), *report and recommendation adopted*, 2021 WL 1783118 (D. Conn. May 5, 2021) (relying on the reports and testimony of two psychiatrists in determining competency).  Second, they may consider the defendant's psychiatric history, but only to the extent that it bears on his "abilities at the time of trial." *Nichols*, 56 F.3d at 412 (citing *United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986)).  Third, courts may consider their own observation of the defendant's comportment, *see United*

*States v. Hemsi*, 901 F.2d 293, 295 (2d Cir. 1990) (rejecting the claim that "a defendant's in-court behavior . . . may not be considered in determining his competence to stand trial"), along with the defendant's responses to their questions. *See United States v. Oliver*, 626 F.2d 254, 259 (2d Cir. 1980) ("Oliver's intelligent responses to questions put to him by the court provide further evidence of his competency."). And fourth, they may consider defense counsel's views. *United States v. Holmes*, 671 F. Supp. 120, 123 (D. Conn. 1987) ("The opinion of [the defendant's] lawyers on this issue is also probative," because "[i]f the defendant were currently unable to assist counsel . . . his attorneys would be the first to know.") (citation and brackets omitted). This list is non-exhaustive, *see Nichols*, 56 F.3d at 411 ("[T]he district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment."), and district courts determine competency by a preponderance of the evidence. 18 U.S.C. § 4241(d); *see also United States v. Morrison*, 153 F.3d 34, 36 (2d Cir. 1998); *Foley*, 2020 WL 5088015, at *2.

In this case, counsel for the Government and the defense have jointly moved for a finding of competency without a competency hearing. The fact that a "district court's determination" of competency is "made without a hearing [does] not render it defective." *Morrison*, 153 F.3d at 47 (citing *Nichols*, 53 F.3d at 421). Even when a court finds reasonable cause to believe a defendant may be incompetent prior to ordering a psychological examination, the Second Circuit has held that the resulting report may be sufficient to dispel any doubts about the defendant's competency, making a competency hearing unnecessary. *Id.* ("While the district court found that there was reasonable cause to believe that the defendant might be incompetent before ordering a psychiatric evaluation of him, it found that no reasonable cause existed to hold a hearing once she received the report of that evaluation. The district court therefore did not need to hold a hearing.") (citation omitted).

Here, the Court bases its conclusion that Mr. Hernandez is now competent to proceed to trial on the medical opinion in the Bureau of Prisons report and on the representations of defense counsel.  Attorney Ewing states that "he has observed a marked improvement in Mr. Hernandez's functioning" since the defendant completed his evaluation period.  (ECF No. 26, at 4.)  He notes that "Mr. Hernandez has been consummately polite and respectful in dealing with counsel and . . . now demonstrates a firm understanding of his present circumstances, genuine remorse and shame regarding his underlying behavior, and a commitment to improving and maintain[ing] his mental health through medication and treatment."  (*Id.*)  And he "has no doubts Mr. Hernandez is capable of understanding the nature and circumstances of his actions and participating in his own defense."  (*Id.*)  Accordingly, the Court finds by a preponderance of the evidence that that there is no longer reasonable cause to believe that Mr. Hernandez is not competent to proceed to trial.

A judicial determination that Mr. Hernandez is now competent concludes the "proceeding[s] . . . to determine the mental competency . . . of the defendant" and thus restarts the speedy trial clock.  18 U.S.C. § 3161(h)(1)(A).  Attorney Ewing "now needs time to review discovery, assess the underlying charges, conduct investigation and mitigation, and explore potential pretrial resolutions" and, to that end, "requests a continuance of the speedy indictment and preliminary hearing deadlines through May 30, 2024."  (ECF No. 27, at 1).  The defendant has also filed a signed waiver of his right to a speedy indictment and preliminary hearing through that date.  (ECF No. 28.)  The Court finds that this continuance is in the best interest of the defendant, and that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy preliminary hearing or trial.  Accordingly, the preliminary

6

hearing is continued to Thursday, May 30, 2024, and the time from July 28, 2023, through that date shall be excluded from the calculation under the Speedy Trial Act.

### III. CONCLUSION

Based on the above, the Court finds by a preponderance of the evidence that Mr. Hernandez "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Brennan*, 928 F.3d at 215–16. The Court further finds that there exists good cause to continue the preliminary hearing and associated deadlines, as the parties request. Accordingly, the Court **GRANTS** the parties' joint motions for an order finding the defendant competent to stand trial (ECF No. 26) and to continue the speedy indictment and preliminary hearing deadlines to March 30, 2024. (ECF No. 27.)

Finally, the Court considers the parties' request "that the Court file the Forensic Evaluation Report, under seal, on the docket, in the event that any aspect of this case needs be reviewed on appeal," which it construes as a motion to seal. (ECF No. 26, at 4.) Courts in the Second Circuit follow a three-step process in determining whether to seal documents that have been filed with them. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, the Court determines whether the document is a "judicial document" to which a common law presumption of public access attaches. *Id.* at 119. Second, if the document is indeed a judicial document, the Court determines the weight to be given to the presumption under the circumstances of the case. *Id.* Third, after determining the weight to be accorded to the presumption, the Court "balance[s] the competing considerations against it." *Id.* at 120.

In considering motions to seal judicial documents to which a First Amendment right of access attaches, courts consider "[t]he importance of the material to the adjudication, the damage

disclosure might cause, and the public interest in such materials." *Byrne v. Yale Univ.*, No. 3:17-cv-1104 (VLB), 2020 WL 1820761, at *2 (D. Conn. Apr. 10, 2020) (quoting *Joy v. North*, 692 F.2d 880, 892 (2d Cir. 1982)). A court may seal such a document "or a portion thereof only where the movant shows sealing is 'essential to preserve higher values and is narrowly tailored to serve that interest.'" *U.S. v. Northrup*, 419 F. Supp. 3d 369, 370 (D. Conn. 2019) (quoting *Matter of N.Y. Times*, 828 F.2d 110, 116 (2d Cir. 1987)).

The Court determines that the Forensic Evaluation Report is a judicial document "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.  Nevertheless, because the report is not directly related to the ultimate adjudication in this case, the weight of the presumption of access is not particularly high, and the defendant's privacy interest in his personal medical information overcomes that presumption.  The request to seal the report is narrowly tailored to protect that privacy interest.  Accordingly, the Clerk of the Court is respectfully directed to file the Forensic Evaluation Report on the docket under seal.

So ordered this 21st day of February, 2024, at Hartford, Connecticut.

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge